UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BATTLE FORCE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  4:12CV2020 TIA |
| ) | |
| DOES 1-215, ) | |
| ) | |
| Defendants. ) | |

## ORDER PERMITTING DISCOVERY

This copyright infringement action is before the Court on Plaintiff's Ex Parte Motion for Leave to Take Discovery by serving subpoenas on non-party Internet Service Providers ("ISPs") to obtain the identities of the 215 Doe Defendants.  The Court has determined that Plaintiff is entitled to the limited discovery sought.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Ex Parte Motion for Leave to Take Discovery (Doc. No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that, not later than **March 6, 2013**, subject to the terms of this Order, Plaintiff may conduct discovery by serving upon each third-party ISP identified in Exhibit A to Plaintiff's Complaint, a subpoena pursuant to Fed. R. Civ. P. 45 that seeks documents identifying each Doe Defendant, including the name, current (and permanent) address, email address, and Media Access Control address for each Doe Defendant.  The disclosure of this information is consistent with the ISP's obligations under the Cable Service Privacy Act, 47 U.S.C. § 551(c)(2)(B).

**IT IS FURTHER ORDERED** that, not later than **April 5, 2013**, the third-party ISPs shall serve Does 1-215 with a copy of the Rule 45 subpoena and a copy of this Order.  The ISPs may serve

Does 1-215 using reasonable means, including written notice sent to his or her last known address, transmitted either by first-class mail or via overnight service.

**IT IS FURTHER ORDERED** that, not later than **May 6, 2013**, Does 1-215 may file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously ("the motion period").

The ISPs shall not turn over any Doe Defendants' identifying information to Plaintiff prior to the expiration of this motion period. If a Doe Defendant or ISP files a motion to quash or otherwise challenges the subpoena, the ISPs shall not turn over to Plaintiff any information relating to such moving party until the issues have been addressed and the Court issues an order instructing the ISPs to turn over the requested discovery.

**IT IS FURTHER ORDERED** that Plaintiff shall have to and including **May 16, 2013**, by which to file its brief(s) in response to any motions filed by the ISPs or the Doe Defendants. Reply briefs shall be filed by the moving Doe Defendants not later than **May 27, 2013**.

**IT IS FURTHER ORDERED** that on or before **May 16, 2013**, the ISPs shall provide Plaintiff with the information responsive to the subpoena related to any Doe Defendant who has not moved to quash such subpoena.

**IT IS FURTHER ORDERED** that a Doe Defendant or ISP who moves to quash or modify the subpoena, or to proceed anonymously, shall at the same time as his or her filing also notify all ISPs so that the ISPs are on notice not to release any of their respective contact information to Plaintiff until the Court rules on any such motions.

**IT IS FURTHER ORDERED** that the subpoenaed entity shall preserve any subpoenaed information pending the resolution of any timely-filed motion to quash.

**IT IS FURTHER ORDERED** that any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting, investigating, and resolving Plaintiff's rights as set forth under the Copyright Act as set out in the Complaint in this action.

**IT IS FURTHER ORDERED** that a copy of this Order shall be attached to each Rule 45 subpoena served upon a third-party ISP pursuant to the Order.

**IT IS FURTHER ORDERED** that any ISP receiving a subpoena pursuant to this Order shall confer with Plaintiff and shall not assess any charge in advance of providing the information requested in the subpoena.  An ISP that receives a subpoena and elects to charge for the costs of production shall provide a billing summary and cost report to Plaintiff.

**IT IS FURTHER ORDERED** that the 120-day period within which Plaintiff must effectuate service in this cause of action shall commence on **May 16, 2013**, with respect to any non-moving Doe Defendant whose identifying information is required to be produced to Plaintiff on or before such date.

**IT IS FINALLY ORDERED** that the 120-day period within which Plaintiff must effectuate service with respect to any moving Doe Defendant shall be determined upon the resolution of the respective Defendants' motions, if any, contesting the Rule 45 subpoena(s) issued to the ISPs in this action.

      /s/ Terry I. Adelman  
UNITED STATES MAGISTRATE JUDGE

Dated this   20th   day of February, 2013